## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DE'AMONTAE MANNING,                              CASE NO. 3:24 CV 1171

    Plaintiff,

    v.                                           JUDGE JAMES R. KNEPP II

JOSHUA MULINIX,

    Defendant.                                   **ORDER**


Currently pending before the Court in this 42 U.S.C. § 1983 action is *pro se* Plaintiff De'Amontae Manning's Motion for Appointment of Counsel. (Doc. 30). In support, Plaintiff contends he is unable to afford counsel, he lacks knowledge of the law, he has limited access to the library and his imprisonment will "greatly limit [his] ability to litigate," and the issues involved in this case "are complex and will require significant research and investigation." *Id.* at 1. Finally, Plaintiff contends that a "trial in this case will likely involve conflicting testimony, and counsel would better enable Plaintiff to present evidence and cross[-]examine witnesses." *Id.*

The relevant statute provides that, for an individual such as Plaintiff proceeding *in forma pauperis*, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, there is no constitutional right to appointment of counsel in a civil case and the decision to do so is committed to the sound discretion of the district court. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993); *Schultz v. Hansen*, 28 F. App'x 513, 515 (6th Cir. 2002). The Sixth Circuit has characterized appointment of counsel in civil cases as "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606. In determining whether the case displays the necessary exceptional circumstances, "the court must examine the

complexity of the factual and legal issues involved and the plaintiff's ability to represent himself." *Schultz*, 28 F. App'x at 515. Upon review, the Court finds Plaintiff's case does not justify appointment of counsel at this stage.

First, this case does not appear so factually or legally complex as to justify the appointment of counsel. Plaintiff presents Eighth Amendment excessive force claims under 42 U.S.C. § 1983. (Doc. 1, at 3). These claims do not appear to involve any novel legal arguments. *See, e.g.*, *Redd v. Conway*, 160 F. App'x 858, 863 (11th Cir. 2005) (explaining the district court did not abuse its discretion in refusing to appoint counsel where issues raised in prisoner's § 1983 excessive force and deliberate indifference action were not too novel or complex for prisoner to represent himself); *Mackey v. DiCaprio*, 312 F. Supp. 2d 580, 582 (S.D.N.Y. 2004) (determining the prisoner did not demonstrate entitlement to appointment of counsel for § 1983 excessive force action where the case did not present any complex or novel legal issues).

Second, Plaintiff has, in his Complaint, demonstrated his ability to clearly set forth the facts and relevant legal standards applicable to his claims. *See* Doc. 1, at 5-10.

Third, as another district court explained: "[m]ost pro se litigants believe that their cases are complex, and all prisoners find that their access to law libraries is limited." *Balcar v. Smith*, 2017 WL 6347963, at *2 (W.D. Ky.) (quoting *Knowles-Browder v. Ca. Forensic Med. Group Staff*, 2006 WL 927255, at *1 (E.D. Cal.)); *see also Keel v. Ray*, 2011 WL 3501688, at *3 (M.D. Tenn.) (finding circumstances such as limited law library access and limited legal knowledge to be "typical to many prisoners and do not suggest anything exceptional in nature"); *Moore v. Morgan*, 2018 WL 6841362, at *3 (S.D. Ohio) (finding, *inter alia*, limited access to legal materials by virtue of being housed in solitary confinement not an exceptional circumstance). The same is

2

true here. Plaintiff's allegations about limited access to legal resources do not constitute "exceptional" circumstances.

Should the case proceed to trial, Plaintiff may renew his motion.

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion for Appointment of Counsel (Doc. 30) be, and the same hereby is, DENIED without prejudice.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: March 10, 2026

3